## TUTTLE v. BONAR.

PROMISSORY NOTE: PURCHASE BEFORE MATURITY: EVIDENCE

*Appeal from Hancock Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION on a negotiable promissory note. The defense pleaded was that the note had been transferred to plaintiff after due, and that defendant had paid the note to the payee, in accordance with a written contract of even date with the note. Jury trial, verdict and judgment for the plaintiff, and the defendant appeals.

*T. C. Ransom* and *B. F. Hartshorn*, for appellant.

*Bush & Bush*, for appellee.

SEEVERS, J.—The plaintiff and one Harris testified that the note was purchased by and transferred to the plaintiff before due. The note became due November 1, 1875.

On the 15th day of October, 1875, the plaintiff wrote to the defendant as follows: "Your note dated March 8, 1875, is in our hands for collection. Please attend to it when due." On the day after the receipt of the letter, as the defendant testified, he called on plaintiff and "told him the note was paid." "He said the note did not belong to him; that he held it as collateral for something Harris owed him, and also said Harris would soon have some money and would lift it. I also said, I notify you not to put any more money in these notes." After the note was due defendant

testified he saw the plaintiff again, at which time plaintiff said "he had bought the note now and wanted me to settle it; that Harris had got more money of him, and he had taken the notes. In the first conversation he said he had let Harris have a little money."

The defendant offered to introduce evidence showing he had paid the notes to the payee. This was refused.

The court instructed the jury that the defendant "had not introduced any evidence tending to establish that defendant was not an innocent holder of the note for value before due."

In refusing to admit evidence tending to show payment, and in giving the foregoing instruction, the court erred.

Taking the letter written the defendant in connection with his testimony, we think there was testimony tending to show that the plaintiff did not become the owner of the note.

If in error as to this, we think it quite clear there was testimony tending to show that the plaintiff had advanced but little money on the note at the time he was notified it had been paid. He might have been entitled to protection to the extent of such money, but not as to what he afterward advanced.

REVERSED.